NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name:  13a1043n.06

No. 13-3815

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**
Dec 19, 2013
DEBORAH S. HUNT, Clerk

UNITED STATES OF AMERICA,           )
                                    )
    Plaintiff-Appellee,             )
                                    )
v.                                  )     ON APPEAL FROM THE UNITED
                                    )     STATES DISTRICT COURT FOR
YOUSSOUF OUSMANE                     )     THE SOUTHERN DISTRICT OF
ABDOURAHMANE,                       )     OHIO
                                    )
    Defendant-Appellant.            )
                                    )

BEFORE:  COLE, GILMAN, and DONALD, Circuit Judges.

PER CURIAM.  Youssouf Ousmane Abdourahmane, a citizen of the Central African Republic and a federal prisoner, appeals through counsel a judgment of the district court revoking his term of supervised release.

Abdourahmane entered this country in 1996 and achieved residence status in 2001 by marrying a United States citizen.  However, in 2006, he was convicted of crimes of moral turpitude and an aggravated felony, and was eventually ordered removed to the Central African Republic.  In 2012, he entered a plea to a charge of taking an action designed to prevent his departure, in violation of 8 U.S.C. § 1253(a)(1)(C), when he refused to board a plane to the Central African Republic on a flight the government had arranged to remove him from the United States.  The guidelines sentencing range was calculated at 30 to 37 months, but the court approved a sentence of time served, twelve months, as stated in the plea agreement.

Abdourahmane was also sentenced to two years of supervised release in an attempt to assure that he would comply with his removal from this country. However, Abdourahmane again refused to board a flight arranged to return him to the Central African Republic. He was therefore charged with violating his supervised release by committing a new federal offense. The district court found that the charge was established by a preponderance of the evidence. The guidelines range for this violation was 18 to 24 months of imprisonment. The district court sentenced Abdourahmane to 24 months.

On appeal, Abdourahmane argues that no violation of his supervised release was established because his refusal to board the plane to the Central African Republic was not a federal criminal offense. First, he argues that the government could not require him to board a commercial flight, but was instead required to forcibly place him on a chartered plane in order to remove him from the country. Secondly, he argues that the agents in charge of his removal knew that he was attempting to arrange to receive a passport to Chad and be removed to that country, and that they acquiesced in that plan.

We review a decision revoking a term of supervised release for an abuse of discretion, reviewing the district court's factual findings for clear error and its legal conclusions de novo. *United States v. Kontrol*, 554 F.3d 1089, 1091-92 (6th Cir. 2009). To find a violation of supervised release, the district court must find that the violation has been proven by a preponderance of the evidence. *United States v. Cofield*, 233 F.3d 405, 406 (6th Cir. 2000). We find no abuse of discretion by the district court in concluding that a new federal offense had been committed. Abdourahmane's argument that the government was compelled to forcibly remove him on a chartered plane is completely without supporting legal authority. Abdourahmane was aware that failing to board a plane arranged to remove him from the country was a violation of

federal law because he had entered a plea to the exact same offense the previous year. That the government agents knew Abdourahmane would have preferred to be removed to Chad and would have acquiesced in such a departure is also immaterial. Abdourahmane nevertheless knew that he was committing a new violation of federal law when he refused to board the flight that the government had arranged for him.

Accordingly, the district court's judgment is affirmed.